UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

JAMES ENCARDES                                CIVIL ACTION

VERSUS                                        NUMBER: 07-0530

LYNN COOPER, WARDEN                           SECTION: "F"(5)


                       **REPORT AND RECOMMENDATION**

    Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2E(A), presently before the Court is the 28 U.S.C. §2254 application for federal habeas corpus relief of petitioner, James Encardes, and the State's response thereto.  (Rec. docs. 1, 9).  Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that Encardes' petition be dismissed with prejudice.

    Petitioner Encardes is a state prisoner who is presently incarcerated at the Avoyelles Correctional Center, Cottonport, Louisiana.  On November 20, 2003, Encardes was found guilty of simple burglary of an inhabited dwelling after trial, by jury, in the Twenty-Second Judicial Court for the Parish of St. Tammany, State of Louisiana.  On February 10, 2004, Encardes was sentenced to ten years in the custody of the Louisiana Department of Corrections with credit for time served.  The State then filed a

bill of information accusing Encardes of being a third felony offender under LSA-R.S. 15:529.1 and asking that his sentence be enhanced as such.  Encardes admitted to the allegations contained within the multiple offender bill of information whereupon he was sentenced to fifteen years under R.S. 15:529.1

Through counsel, Encardes directly appealed his conviction to the Louisiana First Circuit Court of Appeal.  On March 24, 2005, the Louisiana First Circuit affirmed Encardes' conviction and sentence but remanded the matter to the trial court for amendment of the minute entry and commitment order to reflect that his original ten-year sentence had been vacated prior to the enhanced fifteen-year sentence being imposed. State v. Encardes, 898 So.2d 635 (La. App. 1st Cir. 2005)(table).[1]/ Pursuant to Rule X, §5(a) of the Rules of the Louisiana Supreme Court, Encardes had thirty days from March 24, 2005 within which to timely seek writs from the Louisiana Supreme Court. See, e.g., Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008).  The state court record provided by the respondent does contain a copy of the writ application that

---

[1]/ In an effort to comply with the remand directive, on April 19, 2005 Encardes was returned to the trial court which formally vacated his original ten-year sentence. (St. ct. rec., vol. 3 of 3).

Encardes would ultimately file in the Louisiana Supreme Court. That writ application was dated April 18, 2005 which is within thirty days of March 24, 2005. (St. ct. rec., vol. 3 of 3). However, there is no evidence that the writ application was tendered to prison officials to be mailed to the Louisiana Supreme Court within thirty days of March 24, 2005. To the contrary, the state court record contains a transmittal letter dated October 30, 2005 addressed to the "Clerk" which presumably accompanied Encardes' writ application to the state's highest tribunal. (Id.). That corresponds with the letter from the Clerk of the Louisiana Supreme Court dated February 3, 2006 acknowledging receipt of Encardes' writ application which was "metered", or postmarked, on October 31, 2005. (Id.). Furthermore, in response to the Court's specific inquiry asking Encardes to identify the date on which he gave his writ application to prison officials to be mailed to the Louisiana Supreme Court (rec. doc. 10),[2]/ petitioner has provided the Court only with a letter from the Louisiana Supreme Court's Central Staff dated August 1, 2005 responding to Encardes' missive

---

[2]/ As a general rule, a prisoner's pleadings are deemed to be "filed" on the date that they are handed over to prison authorities to be mailed. See, e.g., Spotville v. Cain, 149 F.3d 374 (5th Cir. 1998).

3

of July 8, 2005 and returning various papers to him due to non-compliance with its filing requirements. (Rec. doc. 11, p. 5).  As such, there is no evidence that Encardes timely sought writs from the Louisiana Supreme Court in the context of his direct criminal appeal.  The effect of that was that Encardes' conviction became final thirty days after the Louisiana First Circuit's decision, or April 25, 2005.  See Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003)("conviction becomes final when the time for seeking further direct review in the state court expires").  The fact that the Louisiana Supreme Court ultimately denied Encardes' untimely writ application on September 1, 2006, State ex rel. Encardes v. State, 936 So.2d 195 (La. 2006), is of no moment because his conviction had by then already become final.  Roberts, 319 F.3d at 694-95.

Subsequent to the date that his conviction became final on April 25, 2005, Encardes made no challenges to his conviction in the state court system by way of applications for post-conviction relief or similar proceedings.  As a result of Hurricane Katrina, this court suspended all prescriptive periods from September 1, 2005 through November 25, 2005.  See Mark v. Michael, 2008 WL 4365929 at *2 (E.D. La. Sept. 23, 2006); MacCracken v. Louisiana,

2008 WL 2951214 at *7 n. 47 (E.D. La. July 25, 2008). On November 28, 2006, just slightly more than one year after the suspension was lifted, Encardes signed and dated his federal habeas petition. (Rec. doc. 1, p. 23 of 26).

Under 28 U.S.C. §2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214 (1996)(effective April 24, 1996), state prisoners like Encardes now have one year from the date that their convictions become final to timely seek federal habeas corpus relief. Section 2244(d)(2) further provides that the time during which a prisoner has a properly filed application for post-conviction relief or other collateral review pending before the state courts is not counted against the one-year limitation period. The one-year time bar may be raised by the Court sua sponte. Kiser v. Johnson, 163 F.3d 326, 328-29 (5th Cir. 1999). A district court also has the discretion to correct a state's erroneous time calculation provided that the petitioner is given fair notice. Day v. McDonough, 547 U.S. 198, 209-11, 126 S.Ct. 1675, 1684-85 (2006); Dillard v. Quarterman, 237 Fed. Appx. 940, 941 (5th Cir. 2007).

In its response herein, the State initially asserted that Encardes' petition was timely-filed under §2244(d). The major flaw

in the respondent's time calculation, however, is that it glossed over the timeliness of Encardes' filings in the direct appeal context as cases such as Butler and Roberts counsel. Concerned as it was over the timeliness of such filings, the Court called upon petitioner to identify the date that he tendered his writ application to prison officials to be mailed to the Louisiana Supreme Court.  Encardes' response to the Court's inquiry fails to establish that the writ application was tendered in a timely fashion.  The Court must therefore conclude that Encardes' conviction became final on April 25, 2005, at which point the §2244(d) limitation period commenced running.  Between that date and September 1, 2005, the Katrina-related prescriptive suspension date, one hundred twenty-eight days expired.  After the suspension was lifted on November 25, 2005, slightly over one year passed before Encardes signed and dated his federal habeas petition which would have been the earliest date that he could have tendered the petition to prison officials to be mailed.  As those two periods of untolled time exceed the one-year allowed by §2244(d), the Court is constrained to conclude that Encardes' petition is untimely. Accordingly, it will be recommended that his petition be dismissed with prejudice.

**RECOMMENDATION**

For the foregoing reasons, it is recommended that the application for federal habeas corpus relief of James Encardes be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en</u> <u>banc</u>).

New Orleans, Louisiana, this  21st  day of _____October_____, 200<u>8</u>.

                                                       */s/ Alma L. Chasez*
                                                      ALMA L. CHASEZ
                               UNITED STATES MAGISTRATE JUDGE